1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIKSSON, LLC, *a California Limited*              No.  1:20-cv-00703-DAD-SKO
     *Liability Company*,
12
                    Plaintiff,
13
                                                        ORDER GRANTING PLAINTIFF'S MOTION
        v.                                              TO REMAND AND REMANDING CASE TO
14                                                      FRESNO COUNTY SUPERIOR COURT
     LOVELAND PRODUCTS, INC., *a*
15   *Colorado Corporation*; and DOES 1 to 20,          (Doc. No. 8)
     *inclusive*,
16
                    Defendants.
17

18

19                                   **INTRODUCTION**

20        This matter is before the court on the motion to remand filed by plaintiff Eriksson, LLC

21   ("Eriksson").  (Doc. No. 8.)  Pursuant to General Order No. 617 addressing the public health

22   emergency posed by the coronavirus outbreak, the court took the matter under submission to be

23   decided on the papers.  (Doc. No. 9.)  For the reasons discussed below, the court will grant the

24   motion and remand this case to Fresno County Superior Court.

25                                    **BACKGROUND**

26        Plaintiff Eriksson is a California limited liability company that farms pistachios in Fresno

27   County.  (Doc. No. 8-1 at 2.)  Defendant Loveland Products, Inc. ("Loveland") is a Colorado

28   corporation that sells agricultural products and services.  (Doc. No. 13 at 1–2, 3.)  On February

1

1    28, 2020, Eriksson filed this action against Loveland in Fresno County Superior Court, alleging

2    product liability claims exclusively under state law.  (Doc. No. 2-1 at 7–16.)  The claims relate to

3    plaintiff's usage of defendant's allegedly defective insecticide, which purportedly resulted in the

4    chemical contamination of plaintiff's pistachio crop.  (*Id.* at 1, 3–6.)

5          After defendant was served with the complaint on March 4, 2020, it removed the case to

6    this federal court on March 31, 2020.  *See Eriksson, LLC v. Loveland Products, Inc.*, No. 1:20-cv-

7    00464-AWI-SAB (E.D. Cal. Apr. 3, 2020) (Doc. No. 3).  Three days later, on April 3, 2020,

8    Senior District Judge Anthony W. Ishii remanded the case to state court for lack of subject-matter

9    jurisdiction, concluding that defendant failed to demonstrate that complete diversity existed.  *Id.*

10   (Doc. No. 7.)  As Judge Ishii pointed out, because plaintiff is a limited liability company, it "is a

11   citizen of every state of which its owners/members are citizen."  *Id.* (quoting *3123 SMB, LLC v.*

12   *Horn*, 880 F.3d 461, 465 (9th Cir. 2018)).  Thus, defendant's allegations regarding plaintiff's

13   principal place of business and state of incorporation did not conclusively resolve the issue of

14   whether complete diversity existed.  *Id.*

15         More than six weeks later, on May 20, 2020, defendant removed this case to this federal

16   court for a second time.  (Doc. No. 2.)  This time, defendant included in its removal notice the

17   allegation that Eriksson is a limited liability company whose sole member is Brattalid, Inc.

18   ("Brattalid"), which is incorporated in Delaware with its principal place of business in California.

19   (Doc. No. 2 at 3.)  Because Eriksson is thus a citizen of Delaware and California, *see 3123 SMB*,

20   880 F.3d at 465, and Loveland is a citizen of Colorado, defendant contends that complete

21   diversity exists here under 28 U.S.C. § 1332.  In response, on June 2, 2020, plaintiff moved to

22   remand this case to Fresno County Superior Court.  (Doc. No. 8.)  On May 30, 2020, defendant

23   filed its opposition to the motion to remand, and on July 14, 2020, plaintiff filed its reply thereto.

24   (Doc. Nos. 13, 15.)

25                                     **LEGAL STANDARD**

26         A defendant in state court may remove a civil action to federal court so long as that case

27   could have been filed in federal court.  28 U.S.C. § 1441(a); *see City of Chicago v. Int'l Coll. of*

28   *Surgeons*, 522 U.S. 156, 163 (1997).  Thus, removal of a state action may be based on either

                                          2

1   diversity jurisdiction or federal question jurisdiction.  *See City of Chicago*, 522 U.S. at 163;

2   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Diversity jurisdiction exists in actions

3   between citizens of different States where the amount in controversy exceeds $75,000 exclusive

4   of interests and costs.  28 U.S.C. § 1332.  Diversity of citizenship must be complete, and the

5   presence "of a single plaintiff from the same State as a single defendant deprives the district court

6   of original diversity jurisdiction over the entire action."  *Abrego v. The Dow Chem. Co.*, 443 F.3d

7   676, 679 (9th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546

8   (2005)).

9        "The removal statute is strictly construed against removal jurisdiction, and the burden of

10   establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer*

11   *v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  If there is *any* doubt as to the right of

12   removal, a federal court must reject jurisdiction and remand the case to state court.  *See*

13   *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); 28 U.S.C.

14   § 1447(c); *see also Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for

15   lack of subject matter jurisdiction "is mandatory, not discretionary").

16                                      **LEGAL ANALYSIS**

17        Here, plaintiff argues that this action must be remanded to Fresno County Superior Court

18   for either of two reasons:  1) successive removals are generally barred; and 2) defendant's

19   removal of this action is untimely.  (Doc. No. 8-1 at 4–9.)  Because the court finds that

20   defendant's successive removal is barred, it need not reach plaintiff's argument challenging the

21   timeliness of the second removal.

22   **A.   Defendants' Successive Removal is Barred**

23        "A successive removal petition is permitted only upon a 'relevant change of

24   circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground

25   for removal.'"  *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting

26   *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)); *see also Seedman v. U.S. Dist.*

27   *Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition

28   based on the same grounds does not 'reinvest' the court's jurisdiction.").  This bar to successive

1  removals is applied strictly.  *See Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1061–62

2  (C.D. Cal. 2014); *see also Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006) ("[W]e have

3  relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is

4  immunized from all forms of appellate review], whether or not that order might be deemed

5  erroneous by an appellate court.'") (alterations in original).  This is because "state court

6  proceedings are to be interfered with once, at most.  This is not only in the interest of judicial

7  economy, but out of respect for the state court and in recognition of principles of comity.  The

8  action must not ricochet back and forth depending upon the most recent determination of a federal

9  court." *Leon*, 76 F. Supp. 3d at 1062 (quoting *In re La Providencia Dev. Corp.*, 406 F.2d 251,

10  252 (1st Cir. 1969)); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir.

11  2005) (reaffirming "the canon that instructs that removal statutes should be construed narrowly in

12  favor of remand to protect the jurisdiction of state courts").

13        In order to avoid this bar to successive removal, the removing party must show that a new

14  and different ground exists for the removal, such as "[a]n intervening change in the law that

15  'gives rise to a new basis for subject-matter jurisdiction,'" *Fritsch v. Swift Transp. Co. of Ariz.,*

16  *LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (quoting *Reyes*, 781 F.3d at 1188), or the discovery of

17  new facts not available at the time of the first removal, *see Leon*, 76 F. Supp. 3d at 1062–63

18  (collecting cases).

19        Here, defendant Loveland asserts that "[r]emoving based on the same legal ground but

20  newly discovered facts is appropriate." (Doc. No. 13 at 7.)  Although Loveland concedes that its

21  first removal of this case was improper because "Eriksson's citizenship was not apparent from the

22  face of the complaint," defendant argues that it could not "have determined Eriksson's citizenship

23  based on [] public records." (*Id.* at 8.)  And though it also concedes that Eriksson's public filings

24  identify Brattalid as its member-manager, defendant contends that the filings "do not identify

25  Brattalid as Eriksson's *sole* member" and "do not require that Brattalid provide its principal place

26  of business—just an address." (*Id.*)  The court is unpersuaded by these arguments.

27        First, as a factual matter, public filings with the California Secretary of State clearly

28  indicate that Eriksson is a member-managed LLC, (Doc. No. 8-2, Ex. A), and that its sole

4

1    member[1] is Brattalid, a corporation with an office in California, (Doc. No. 8-2, Exs. B, C).  A

2    public filing with the Delaware Department of State's Division of Corporations also reveals that

3    Brattalid is incorporated in Delaware.  (Doc. No. 8-2, Ex. D.)  Defendant, however, raises the

4    possibility that the address listed for Brattalid may not have necessarily represented its principal

5    place of business.  (Doc. No. 13 at 8.)  Indeed, this court has previously distinguished between the

6    "principal office" that a corporation must declare to the California Secretary of State, *see*

7    California Corporations Code § 2117(3)–(5), and the "principal place of business" used to

8    determine a corporation's citizenship, *Hertz Corp. v. Friend*, 559 U.S. 77, 91–93 (2010).  *See*

9    *Mesa v. Am. Gen. Life Ins. Co.*, No. 1:19-cv-01393-DAD-EPG, 2020 WL 374354, at *3 (E.D.

10   Cal. Jan. 23, 2020).  But that distinction does not save this case from remand because defendant

11   had no reason to believe that Brattalid maintained a principal place of business in Colorado,

12   where defendant is a citizen.  If defendant Loveland did, then it disregarded the possibility that

13   complete diversity did not exist.  Regardless, defendant "had a responsibility to [remove this

14   case] properly, and not prematurely on the basis of insufficient information."  *Gordon v. Republic*

15   *Servs. Inc.*, No. 2:13-cv-00134-GAF-FFM, 2013 WL 571814, at *1 (C.D. Cal. Feb. 8, 2013).

16         This segues into the primary reason why defendant's successive removal is barred:  the

17   fact that defendant removed the first time *even though* it admits that it could not have

18   conclusively determined Eriksson's citizenship from the face of the complaint.  (*See* Doc. No. 13

19   at 7–8.)  Because "notice of removability under § 1446(b) is determined through examination of

20   the four corners of the applicable pleadings, not through subjective knowledge or a duty to make

21   further inquiry," and because "no ground for removal [was *evident*" from the face of plaintiff's

22   complaint, "the case [was] 'not removable'" the first time around.  *Harris*, 425 F.3d at 694

23   (emphasis added).  There was therefore no need for defendant to rush to remove because the

24   thirty-day clock on removal under § 1446(b) does not commence to run until "receipt by the

25   defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may

26

27   [1]  Moreover, as plaintiff correctly points out, the forms from the California Secretary of State
     require an LLC to provide the name and address of each member/manager.  (*See* Doc. No. 8-2,
28   Ex. B.)

                                                    5

1    first be ascertained that the case is one which is or has become removable."  28 U.S.C. §

2    1446(b)(3); *see also Harr*is, 425 F.3d at 694.  In any event, defendant prematurely removed this

3    action in the first instance, and not only did it fail to plead what public information *was* available

4    to it, it neglected to resolve the issue of Brattalid's—and therefore Eriksson's—citizenship.  *See*

5    *Eriksson, LLC v. Loveland Products, Inc.*, No. 1:20-cv-00464-AWI-SAB (E.D. Cal. Apr. 3, 2020)

6    (Doc. No. 3).

7          The court also notes that since 2006, it has been clear in the Ninth Circuit that "an LLC is

8    a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props.*

9    *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also 3123 SMB*, 880 F.3d at 465; *NewGen,*

10   *LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability

11   company, the citizenship of all of the members must be pled.").  To allow defendant a second bite

12   at the removal apple by pleading ignorance and neglect would frustrate a policy that "guards

13   against premature and protective removals and minimizes the potential for a cottage industry of

14   removal litigation."  *Harr*is, 425 F.3d at 698.

15         For that reason, in circumstances similar to those presented here, district courts have

16   repeatedly rejected successive removals on the same grounds where the first removal was rejected

17   due to a failure to adequately allege the citizenship of an LLC.  *See, e.g.*, *Muniz v. UtiliQuest,*

18   *LLC*, No. 2:19-cv-08759-PA-SK, 2019 WL 6827270, at *1 (C.D. Cal. Dec. 5, 2019) (rejecting

19   successive removal due to the defendant LLC's initial failure to allege its own citizenship);

20   *Teleflora LLC v. WB Commerce LLC*, No. 2:12-cv-07176-SJO-AJW, 2015 WL 6951707, at *2–3

21   (C.D. Cal. Nov. 10, 2015) (rejecting successive removal due to the defendant's initial failure to

22   allege the citizenships of both parties, which were LLCs).

23         Defendant relies on the decision in *Sweet v. United Parcel Serv., Inc.*, No. 1:09-cv-02653-

24   DDP-RZ, 2009 WL 1664644 (C.D. Cal. June 15, 2009).  (Doc. No. 13 at 7.)  There, the court

25   initially remanded the case because the defendant removed only on the basis of the complaint,

26   which alleged the plaintiff's state of residence, not her citizenship.  *See Sweet*, 2009 WL

27   1664644, at *2.  After the defendant took plaintiff's deposition and conclusively determined her

28   citizenship, it again removed the case to federal court.  *Id.*  When the plaintiff moved to remand,

6

the court denied the motion, concluding that the second removal notice "was based on new information not previously available through this litigation." *Id.* at \*5.  However, *Sweet* is inapposite because it involved a *natural person* whose citizenship depended in part on subjective factors such as her intention to remain in the state that she called home.  *Id.*; *see Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (holding that a natural person's state of citizenship "'is determined by her state of domicile[,]' . . . this is, where (i) she resides, (ii) 'with the intention to remain or to which she intends to return'" (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001))).[2]

In summary, as defendant acknowledges, it has already improvidently removed this case once.  (*See* Doc. No. 13 at 7–8.)  To allow it to remove again on identical grounds with information that it could have obtained the first time around using the same methods it used here to determine plaintiff's citizenship would be an impermissible breach of the bar to successive removals.

**CONCLUSION**

Accordingly:

1.      Plaintiff Eriksson's motion to remand (Doc. No. 8) is granted;

2.      This action is remanded to the Fresno County Superior Court for lack of subject-matter jurisdiction; and

3.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 21, 2020**

_____
UNITED STATES DISTRICT JUDGE

---

[2]  Other district courts have declined to follow *Sweet*, remanding to state courts even under circumstances similar to those presented in that case.  *See, e.g., Gordon*, 2013 WL 571814, at \*1 (rejecting successive removal based on post-remand deposition that established the plaintiff's citizenship); *Azarbarzin v. Convatec Inc.*, No. 2:12-cv-09800-GAF-AJW, 2013 WL 80271, at \*2 (C.D. Cal. Jan. 7, 2013) (rejecting successive removal based on plaintiff's post-remand stipulation to her citizenship); *Ybarra v. Apartment Inv. & Mgmt. Co.*, No. 2:12-cv-05814-SJO-JCG, 2012 WL 4788398, at \*1 (C.D. Cal. July 27, 2012) (rejecting successive removal based on plaintiff's post-remand admission of her citizenship).

7